MARVIN, Chief Judge.
The State originally charged Sylvester Williams with possession of cocaine with intent to distribute, La.R.S. 40:967(A). After Williams bargained to enter an Alford plea of guilty to a lesser charge of possession of cocaine, La.R.S. 40:967(C), the trial court pronounced a “sentence at hard labor not to exceed five years.”
Williams appeals, complaining that his sentence is indeterminate and excessive. The court minutes and a written “judgment” later signed by the court state that Williams was sentenced to five years at hard labor. La.C.Cr.P. art. 871 does not mention a written judgment, but requires that the sentence shall be pronounced orally in open court and recorded in the minutes. The oral pronouncement in the transcript prevails over the minutes. State v. Taylor, 28,736 (La. App.2d Cir. 10/30/96), 682 So.2d 827.
Agreeing that the sentence is an indeterminate sentence, we pretermit consideration of the excessive sentence claim, vacate the sentence, and remand for resentencing according to law. La.C.Cr.P. art. 879 requires a determinate sentence. Upon resen-tencing, the trial court shall inform Williams on the record of the prescriptive period for applying for post conviction relief. La. C.Cr.P. art. 930.8.
DECREE
Indeterminate sentence is vacated. Remanded for resentencing.