850 So.2d 749 (2003)
STATE of Louisiana, Appellee
v.
Tyrell D. ODELL, Appellant.
No. 37,194-KA.
Court of Appeal of Louisiana, Second Circuit.
June 5, 2003.
Louisiana Appellate Project by Carey J. Ellis III, Rayville, for Appellant.
Paul Joseph Carmouche, District Attorney, Tommy J. Johnson, William Jacob Edwards, Assistant District Attorneys, for Appellee.
Before PEATROSS, DREW and KOSTELKA (Pro Tempore), JJ.
DREW, J.
The state charged Tyrell D. Odell with one count of armed robbery, a violation of La. R.S. 14:64 punishable by not less than 10 years[1] and no more than 99 years at *750 hard labor without benefits, but agreed to accept his guilty plea to an amended charge of aggravated burglary, a violation of La. R.S. 14:60 punishable by not less than one, nor more than 30 years at hard labor. The state also agreed:
 not to charge defendant as an habitual offender,[2] and
 to dismiss a pending, unrelated charge of simple burglary.
The district court imposed a sentence of 12 years at hard labor, which, after denial of two timely motions for reconsideration,[3] defendant appeals as excessive. We affirm.

DISCUSSION
The matters of record show that during the night of April 6, 2000, defendant and a companion forced entry into the Shreveport residence of Poltavas Black. During this home invasion, defendant was armed with a firearm. The two robbers pushed Black to the floor and demanded to know if anyone in the house was selling marijuana and where his money was. When Black's mother came out of a bedroom, defendant's companion told her to leave and no one would be shot. Ms. Black went to a different room and called the police. The perpetrators took the victim's wallet, which contained $50, a cell phone, and car keys. The victim identified defendant as having attended high school with himnot the perfect crime.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Our review of the record discloses that it contains a more than adequate factual basis for the sentence imposed.
A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Prior to imposing sentence, the district court considered a PSI report which provided detailed information concerning the defendant, who, at the time of sentencing, was 26 years old. The court noted that defendant had been given a drastic reduction in his criminal exposure through his plea bargain. The facts of the case showed the crime actually committed was armed robbery, during which defendant used threats of violence and a firearm. Further, the offense involved multiple victims. Defendant had a juvenile record, and he was a fourth felony adult offender.
 He had been arrested in 1994 for distribution of CDS but was allowed to plead guilty to possession. He *751 was placed on probation, but it was revoked.
 This revocation of probation was due to a subsequent conviction for felony theft. After a term of imprisonment, defendant was placed on parole, but it also was revoked.
 This revocation of parole was due to a conviction for carnal knowledge of a juvenile. He later was placed on parole again, but it was revoked for noncompliance with conditions.
The court determined that defendant, who was a former gang member, was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense, particularly since supervision had failed miserably in the past.
Somewhat in mitigation, the court noted that:
 defendant's child had been killed in 1998 by gang members, and
 the victim of the instant offense had avoided contact with the agent who compiled the information for the PSI report.
Finally, the court said it considered the sentence imposed to be lenient, particularly noting that the actual conduct was much worse than the crime to which defendant pleaded guilty.
On this record, we do not find constitutional error. Defendant, a fourth felony offender, obtained a substantial benefit from his plea bargain. He avoided conviction on an unrelated burglary charge for which a consecutive sentence could have been imposed. He has a history of arrests and offenses involving controlled dangerous substances, larceny, and crimes against persons. There was no provocation or justification for the instant offense. The crime of conviction does not adequately describe the true nature of his criminal conduct. He has repeatedly failed to abide by the terms of conditional release.
The sentence imposed is lawful and is only 40% of what the district court could have imposed for this reduced charge of aggravated burglary. Defendant was afforded great leniency by the state when it agreed to forego charging him as an habitual offender, which, as a fourth offender, could have mandated a much harsher sentence. Under the totality of the circumstances of the case, we find the sentence imposed is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence, which is clearly not constitutionally excessive.
The conviction and sentence are AFFIRMED.
NOTES
[1] Had the state initially charged defendant with armed robbery with a firearm under BOTH La. R.S. 14:64 AND La. R.S. 14:64.3, the defendant would have faced a mandatory additional five years at hard labor, to be served consecutively and without benefits.
[2] Even though he was a fourth felony offender.
[3] One by counsel; one pro se.