907 So.2d 232 (2005)
STATE of Louisiana, Appellee
v.
Jonathan Earl ADKINS, Appellant.
No. 39,724-KA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
*233 Louisiana Appellate Project, by Mary Constance Hanes, David R. McClatchey, Jonathan Earl Adkins, for Appellant.
Paul Joseph Carmouche, District Attorney, Tommy Jan Johnson, Shenequa L. *234 Grey, Jason Trevor Brown, Assistant District Attorneys, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
DREW, J.
Jonathan Earl Adkins was convicted of armed robbery at a bench trial and adjudicated as a fourth felony offender. In due course, the trial court sentenced the defendant to life imprisonment without benefit of suspension of sentence, probation, or parole. The defendant appealed, urging that the evidence was insufficient to convict him of the charge, and that the jury trial waiver was flawed. We affirm in each respect.

FACTS
The amended bill of information charged Adkins with the armed robbery of Salma Abdul Halim on the early afternoon of April 24, 2003, contrary to La. R.S. 14:64.[1]
Detective Lane Smith testified at the bench trial that:
 a robbery was reported to the police on April 24, 2003;
 he went to the scene of the robbery, the Jiffy Pak on Linwood Avenue in Caddo Parish and obtained a description of the robber and broadcast it as a "BOLO" (be on the lookout) to other officers;
 a person was quickly detained based on that description;
 the stop of the suspect was within blocks of the robbery and less than an hour after it occurred;
 the victim was transported to the scene of the suspect's detention and identified the defendant;
 a videotape from the store's video surveillance camera captured the robbery and was admitted into evidence;
 after being advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the applicant refused to sign an acknowledgment of the Miranda warning, but denied having anything to do with the robbery;
 the officer obtained only a limited description of the robber when the victim told him that she knew the robber because he had been in the store a couple of days prior; and
 both before and after the suspect was apprehended, the victim informed him that she knew the suspect.
The victim, Salma Abdul Halim, testified that:
 she was employed at the Jiffy Pak on Linwood Avenue on the date of the robbery;
 she is familiar with the customers in the store;
 the interior of the store was well lit, and it was a sunny day outside;
 a tall man entered the store, holding a black and silver gun and demanding money;
 the gun appeared to be real;
 she was familiar with guns;
 many people in the area of the store have guns;

*235  the robber wore a mask, but it did not completely cover his face;
 the robber demanded money and she gave him about $500;
 she recognized the robber as a regular customer;
 she recognized his face, voice, and walk;
 the defendant in the courtroom was the person who had robbed her;
 the store had a video surveillance camera;
 she told police that she knew her assailant;
 about 20 minutes after the robbery, she was taken in a police car to view a detainee, whom she identified as the robber;
 the defendant called her "three or four times" to try to get her to drop charges against him; and
 the surveillance video tape reflected pertinent events of the robbery.
Officer David Fuhrman testified that after receiving a description he broadcast it over the radio, and 20 minutes later took the victim to view a suspect. He testified that although Ms. Halim was nervous, she had her wits about her, and that she was positive in her identification of the robber.
Corporal S.W. Plunkett testified that:
 after receiving the broadcast description, he saw a person answering the description getting into a small car;
 he and his partner, Officer Lam, stopped the car and detained the occupants;
 Ms. Halim soon arrived and identified the defendant as the robber without any prompting by the police;
 no gun or money was obtained from the defendant;
 after the identification, the defendant was handcuffed and placed in a patrol car; and
 the identification was made in front of a crowd of 10 or 15 other people at the scene of the detention.
After the state rested, the defendant, after being advised that he did not have to testify, elected to do so, testifying that:
 he did not commit the robbery;
 he has two gold front teeth, and has tattoos on him, including "Katie" (his mother's name) on his neck and "Hood Ripper" on his right forearm;
 he had $22 on him when he was arrested, that he did not have a mask, and did not have a gun;
 he had previously been convicted of two counts of burglary and of drug charges (which he thought were misdemeanors);
 the Jiffy Pak is the closest store to his house, which is about three blocks away;
 he was a regular customer of the store; and
 he was on parole at the time of the instant offense.

SUFFICIENCY
In reviewing the sufficiency of the evidence to support a conviction, an appellate court is controlled by the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La.1984); State v. Doby, 540 So.2d 1008 (La.App. 2d Cir.1989), writ denied, 544 So.2d 398 (La.1989).
An appellate court reviewing the sufficiency of the evidence must resolve *236 any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App. 2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App. 2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
Although the appellant is not here complaining about the trial court's failure to suppress an identification, the principles enunciated in those cases are useful templates in assessing the appellant's claim of insufficiency arising from a misidentification. The U.S. Supreme Court has approved several factors for evaluating whether the reliability of an identification may outweigh the suggestiveness of the procedures employed. See Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); State v. Davis, supra. The factors are: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the victim's prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation.
Applying these principles, the appellant's claim is meritless. The victim, who knew the defendant from daily visits at the store, and was not shown to have any reason to falsely accuse him, told the police that she knew the robber from his frequent visits to the store. She was immediate and adamant in her identification of the defendant as the robber. She identified him from a street show-up which did not highlight or point out the defendant (he was not cuffed or otherwise identified). She identified him without any prompting by the police, and actually identified him before the police asked her to do so, from a neighborhood scene which included a number of other people. The defendant, though not shown to have had any money or a gun, was seen shortly after the robbery, within one block of the store, and was detained (after a short car ride) within three blocks of the store.
The defendant makes much of the victim's failure to note physical characteristics that the robber would have had if it were the defendant who committed the robbery (gold teeth, tattoos, clothing). The fact is that the victim did not describe these characteristics because she was involved with the defendant on a daily basis and knew who he was. There was no need to describe a person she already knew.
The trier of fact believed the testimony of the witness and not the testimony of the defendant. Viewed in the light most favorable to the prosecution, the evidence was sufficient to convict.

JURY TRIAL WAIVER
Defendant argues the record is inadequate to show a valid waiver of the *237 right to a jury trial. The supplemented record clearly shows that:
 the court was first informed of the defendant's desire to waive a jury by his appointed counsel;
 the trial court interrogated the defendant about his desire to waive a jury;
 the defendant indicated that he had a 10th grade education, and understood what he was requesting; and
 the defendant desired to waive his jury trial right and to be tried by the judge, which the court accepted.
Even though the entire waiver process took only two pages of transcript, it is clear that the defendant recognized exactly what he was doing, all with benefit of counsel. Moreover, defendant had previously pled guilty to five criminal offenses, including two felonies. He is no stranger to the Louisiana criminal justice system. This claim has no merit.

CONCLUSION
The evidence adduced was sufficient to convict the defendant of armed robbery, and the supplemental transcript shows an adequate waiver of jury trial. The conviction and sentence are AFFIRMED.
NOTES
[1] The defendant was factually charged with and convicted of Armed Robbery with a Firearm, which would be a violation of La. R.S. 14:64 and La. R.S. 14:64.3, but for the fact that La. R.S. 14:64.3 was not cited in the bill. According to State v. Odell, 37,194 (La.App. 2d Cir.6/5/03), 850 So.2d 749, and State v. Weaver, 38,322 (La.App. 2d Cir.5/12/04), 873 So.2d 909, this failure to statutorily charge (as opposed to factually charge) the defendant prevents any conviction of a violation of La. R.S. 14:64.3 or any enhancement resulting therefrom.