DREW, J.
|, Deterrious Blackson was convicted of violating La. R.S. 14:95.1, possession of a firearm by a convicted felon. Having been sentenced to 12 years at hard labor without benefits, he now appeals. We affirm in all respects.
FACTS
On December 24, 2008, the Shreveport Police Department received a telephone call from a concerned citizen reporting that a light-skinned black male wearing a blue jersey with the number 9 on it was firing a weapon while standing on the corner at a DeSoto Street address. Officers Monique Robinson and Germane Babers responded to the call.
Officer Robinson canvassed the area of the complaint and noticed a black male fitting the description given in the call except that he wore a gray hoodie on top of the jersey. That individual was the defendant in this case, Deterrious Black-son. Blackson was standing on the corner with a group of men and as Officer Robinson approached, he began to walk quickly away. Officer Robinson stated that when *811 she saw Blackson the first time, she did not see him holding a shotgun. Instead, “When he was walking he was walking like this with his hands in his pocket and kind of, arms kind of snug to his body like this (indicating) in his pocket.” Officer Robinson, ordered him to stop, but he ran and hid behind a house. No one else ran away from the police. Both officers gave chase.
At some time during the chase, Blackson discarded his gray hoodie, after which Officer Babers arrested him and read him his Miranda warnings.
1 ¡While Babers was processing Blackson, Robinson retraced the trail of the chase, finding a sawed-off shotgun with five shells in it, one being expended.
While he was in the patrol car, and after having been read his rights, Blackson initially denied knowledge of shots being fired. However, after being shown the recovered weapon, Blackson told Babers that a man had tried to sell him the gun and that he had fired it once earlier in the day. The officers ran an identification check on Blackson, thereby discovering that he was a convicted felon.
This instant offense occurred less than 15 months after Blackson had pled guilty to possession of a Schedule II controlled dangerous substance, cocaine, a felony.
Blackson’s motion to suppress the statement, made in the patrol car shortly after his arrest, was denied. Blackson’s jury trial was held on November 3, 2009. The state presented testimony of three police officers.
Corporal Skylar Van Zandt, whose duties included fingerprint analysis, established Blackson was the same person convicted of possession of a Schedule II controlled dangerous substance in October of 2007.
Officers Robinson and Babers testified to the facts at the scene, as noted previously. Blackson was found guilty of possession of a firearm by a convicted felon. A motion for post verdict judgment of acquittal was denied. Blackson was sentenced to 12 years at hard labor without benefit of probation, parole, or suspension of sentence. This appeal followed.
1 ¿DISCUSSION
La. R.S. 14:95.1 is entitled “Possession of a firearm or carrying concealed weapon by a person convicted of certain felonies.” It states in pertinent part:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary ... or any violation of the Uniform Controlled Dangerous Substances Law which is a felony ... to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
[[Image here]]
D.For the purposes of this Section, “firearm” means any pistol, revolver, ri- *812 fíe, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive.
Blackson cites three reasons that his conviction should be overturned. Each argument is a permutation of a sufficiency argument.

Dominion or control of the firearm

Blackson argues that no one testified about seeing him in possession of a firearm. The shotgun was found behind a house, near where the chase |4began. Blackson further points out that none of the other men present at the scene was questioned by the police. This deficiency, with the presumption of innocence, leads him to suggest that a reasonable view of the case could be that one of the men at the scene dropped the gun, a possibility that was not eliminated.
The state argues that every element of the crime was proven at trial.
Corporal Van Zandt identified Blackson as the same person who was convicted of possession of a Schedule II controlled dangerous substance, well within the 10-year period provided by La. R.S. 14:45.1.
Officer Robinson testified that the concerned citizen who called concerning the matter gave a detailed description of the shooter being a light-skinned black male wearing a blue jersey with the number 9 on it. The officer did indeed find the light-skinned black male wearing a blue jersey with the number 9 on it.[1] Robinson testified that this man was the only member of the group who ran away. The officer found the sawed-off shotgun behind the first house that Blackson ran to when he fled from the police. The gun had five rounds in it, one of which had been fired.
Officer Babers apprehended the suspect, who was still in the blue jersey with the number 9 on it. Officer Babers arrested him, read him his rights, and heard him make the inculpatory statement that he had fired the gun earlier in the day. Therefore, every element of the crime of possession of a firearm by a convicted felon was proven at the trial in November of 2009.
[fin State v. Evans, 29,675 (La.App.2d Cir.9/24/97), 700 So.2d 1089, writ denied, 1997-2942 (La.1/9/98), 705 So.2d 1121, this court stated that in order to convict a defendant of possession of a firearm by a convicted felon, the state must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (8) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense.
Defendant admitted firing the gun, putting the dominion argument to rest.

Conviction solely upon an inculpatory statement

Blackson argues that:
• his inculpatory statement about firing the gun earlier that day was not sufficient to establish guilt in the absence of independent evidence;
• the record lacks extrinsic proof corroborating his confession; and
• there was no proof from any other source regarding his potential dominion and control of the shotgun; there was no way the jury could legally be allowed to convict him.
The state rebuts this assertion by noting these items in the record:
• the presence of the weapon in the path he used for escape;
*813 • his futile attempt to avoid the police;[2]
• the weapon, together -with the one spent shell in the chamber; and
• his corroborating statement that he had fired the weapon that day.
|fiWas the firearm operable?
Blackson argues that there was no evidence that the firearm was operable. La. R.S. 14:95.1(D) defines “firearm” as “any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive.” Blackson claims that the addition of Section D in 2009[3] legislatively overrules prior holdings that the state did not need to prove that the firearm was operable.
The state refutes this novel argument by pointing to the fact that there was a spent shell in the chamber of the shotgun along with four live rounds in the magazine. Further, Blackson made the statement that he had fired the shotgun, albeit earlier in the day.
Therefore, the element of the crime requiring possession of a firearm was met, and the argument has no merit.
Considering each of these arguments, we are reminded that our law on review for sufficiency of the evidence is well settled.[4]
*814 |7In this case, the evidence presented to the jury by the state is indeed circumstantial. Blackson was convicted on the testimony of the police, the evidence they recovered, and the introduction of his statement.
The sufficiency of the evidence in this ease, considered in a light most favorable to the prosecution, indicates that a reasonable juror could have found proof of guilt beyond a reasonable doubt. Further, no reasonable hypothesis of innocence was presented to the jury. The appellant’s argument that the evidence is insufficient to support the guilty verdict is without merit. The state proved Blackson’s guilt beyond a reasonable doubt.
1 «DECREE
The conviction and sentence of defendant, Deterrious Dewayne Blackson, are AFFIRMED.

. When she saw him, he was wearing a gray hoodie over the jersey.

. Flight indicates consciousness of guilt and is a circumstance from which a jury may infer guilt. State v. Gatti, 39,833 (La.App.2d Cir. 10/13/05), 914 So.2d 74, writ denied, 2005-2394 (La.4/17/06), 926 So.2d 511. Flight is the consummate act of evasion. See Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

. 2009 La. Acts 154, § 1.

. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir. 1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/06/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La. App.2d Cir. 1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35.
An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of *814 the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Adkins, 39,724 (La.App.2d Cir.6/29/05), 907 So.2d 232, writ denied, 2006-2514 (La.5/4/07), 956 So.2d 607; State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. When the conviction is based on circumstantial evidence, such evidence must exclude any reasonable hypothesis of innocence. La. R.S. 15:438. See State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. The appellate court reviews the evidence in the light most favorable to the prosecution and determines whether an alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Calloway, 2007-2306 (La.1/21/09), 1 So.3d 417. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to prove guilt beyond a reasonable doubt to a rational jury. State v. Rosiere, 488 So.2d 965 (La.1986).