**Tommy SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51387.**

Court of Criminal Appeals of Texas.

Jan. 26, 1977.

Rehearing Denied Feb. 16, 1977.

Robert H. Spicer, San Antonio, for appellant.

Ted Butler, Dist. Atty., Federico G. Rodriguez, C. Michael Schill and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery, habitual. Trial was before a jury on a plea of not guilty, and the jury found appellant guilty. It also found that he had been twice previously

convicted of felonies as charged in the indictment; the court then assessed his punishment at life. The offense occurred on April 30, 1974 and trial commenced on November 13, 1974.

Appellant's counsel timely filed his appellate brief on November 7, 1975. Appellant also filed a pro se brief in the trial court but it was five days late. In view of the relative qualities of the briefs and the possibility that appellant awaited his lawyer's brief before submitting his own, we will consider many of the appellant's grounds of error in the interests of justice. The State's brief was filed in a timely manner.

Briefly stated, the evidence showed that appellant and a companion, posing as police officers looking for stolen merchandise, entered complainant William Cooper's duplex apartment on the night of April 30, 1974. After being frisked for weapons, Cooper was held at gunpoint while appellant removed a stereo, television set, and other items from the apartment. Police were summoned after the robbers left.

Prior to trial, the State filed a motion in limine to prevent the appellant from interrogating State's witness Cooper about any arrests he might have had. During appellant's cross-examination of Cooper, the complaining witness, the following occurred:

"MR. DEWEES [Defense Counsel]: May I approach the bench, Your Honor?

"THE COURT: Surely.

(At this time, there was an off-the-record conference at the bench with counsel of both sides present.)

"THE COURT: Will the Jury please step outside.

(The Jury left the courtroom, and the proceedings continued out of the presence of the Jury:)

"THE COURT: What are you planning on doing now?

"MR. DEWEES: For the record, I want to bring out the witness's arrest record and question him about whether or not—

"THE COURT: I'll not even permit you to make a bill on that. Let the record so reflect. And you know that that is not a part of the law, Mr. DeWees. You have been practicing for many years. You've been Assistant District Attorney, and you know that the only way you can impeach a witness is by conviction for a felony, or for a misdemeanor involving moral turpitude. Now you can ask him if he has ever been convicted of a felony, and if he has ever been convicted of a misdemeanor involving moral turpitude. Do you want to ask him that, for the record?

"MR. DEWEES: OK, I'll ask him that for the record, sure. I know what the answer is.

"Q Have you ever been convicted of a felony or a misdemeanor involving moral turpitude?

"A No, sir.

\*      \*      \*      \*      \*      \*

"THE COURT: . . . Bring the jury back (to bailiff)."

■ Appellant assigns as error the court's refusal to permit him to cross-examine the complainant on prior arrests for the purpose of showing bias towards the prosecutor's office on the part of the witness. At a pre-trial hearing, it developed that Cooper had three arrests—for possession of marihuana, unlawfully carrying a weapon, and burglary—and that charges in all three cases had been dismissed. It also was shown that Cooper went into hiding, delaying the start of the trial, allegedly because of threats made on his life.

In *Evans* and *Meyer v. State*, 519 S.W.2d 868 (Tex.Cr.App.1975), murder convictions were overturned because the defendants were prevented from showing the jury that the State's main witness had a sodomy indictment pending against him. A murder conviction was also reversed in *Burkhalter v. State*, 493 S.W.2d 214 (Tex.Cr.App.1973) because the defendant was prevented from showing the jury that the State's main witness may have been enjoying a promise of leniency or immunity on his indictment as a principal in the subject murder. And in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105,

39 L.Ed.2d 347 (1974), the refusal to allow the defendant to show that the State's main witness was at that time on juvenile probation for burglary was held to require reversal on constitutional grounds. See also *Kissinger v. State*, 126 Tex.Cr.R. 182, 70 S.W.2d 740 (1934) and *Mutscher v. State*, 514 S.W.2d 905, 920 (Tex.Cr.App.1974). These cases underscore the well-established rule (and exception to Art. 38.29, V.A.C. C.P.) that great latitude is allowed the accused in showing any fact, including pending charges, which would tend to establish ill feeling, bias, motive, and animus on the part of any witness testifying against him.

The preceding cases involved possible motives for fabrication due to charges *pending* against the State's witnesses (or probation, as in the *Davis* case), whereas such charges appear to have been dismissed in this case. The distinction is not persuasive, however, because of the possibility that the charges against complainant could have been refiled. In fact, the witness' return to the jurisdiction and testimony against the appellant could have been the quid pro quo offered by the State for dismissal of the pending charges, and exploration of this possibility should have been permitted in a bill of exception. Nor does the fact that the witnesses in the preceding cases were possible suspects in the cases on trial distinguish them from the case at bar, since those facts were known by the juries trying the respective defendants in the cited cases. The denial of the right of effective cross-examination in this case is "constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." *Davis v. Alaska*, supra, 415 U.S. at 318, 94 S.Ct. at 1111. Combined with the other facts, the trial court's refusal to let the appellant develop his bill constituted error.

For the reasons stated, the judgment is reversed and the cause remanded.