**Charles Warren MORGAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00946–CR.**

Court of Appeals of Texas, Dallas.

Oct. 19, 1987.

Kerry P. Fitzgerald, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before STEPHENS, STEWART and BAKER, JJ.

BAKER, Justice.

■ Charles Warren Morgan, Jr., appeals from a murder conviction in which the jury assessed sixty years punishment. Appellant contends, in the second of eleven points of error, that the trial court erred in refusing to permit him to cross-examine Lou Ellen Melton, a State's witness, for the purpose of showing bias and motive for testifying favorably to the State. We agree and, therefore, reverse and remand for a new trial.

Given the nature of our holding a detailed statement of the facts is unnecessary. It is sufficient to note that Melton gave eyewitness testimony directly contradicting appellant's story of self-defense, thereby, making her a material witness to the State's case. During cross-examination appellant established the following before the jury: (1) Melton pleaded guilty to felony theft in August of 1983, and was placed on probation for three years as a result; (2) Melton pleaded true to a motion to revoke her probation in March of 1984, resulting in a modification of her probation; (3) after the shooting, in December of 1985, appellant fired Melton who was his employee, accusing her of stealing; and (4) sometime thereafter, in December of 1985, Melton

was arrested and jailed, where she contradicted her original story, concerning the death which is the subject of this appeal, by telling the police that appellant acted without provocation, rather than in self-defense as she had originally stated.

The trial court prevented appellant from presenting to the jury the following testimony elicited from Melton: (1) in December of 1985, the State filed a motion to revoke probation based on an alleged felony offense of passing a forged instrument, an alleged criminal trespass offense, and failure to pay probation fees and attend Alcoholics Anonymous meetings; (2) in January of 1986, the State filed a motion to withdraw the motion to revoke after Melton came forward with the story favoring the State's case; (3) Melton denied making any deals with the State but acknowledged that the State could refile the motion to revoke probation; and (4) Melton may have owed appellant money at the time of trial.

Appellant contends that the trial court abused its discretion by denying him the right to cross-examine Melton in the jury's presence about the excluded evidence. The State argues, however, that the trial court did not err by refusing the testimony tendered by appellant because the testimony admitted made Melton's potential bias patently obvious as well as her self-interest in cooperating with the state. We disagree. The effect of the trial court's ruling was to deny appellant the opportunity to place a material adverse witness in her proper setting with regard to her testimony. This result has been consistently condemned. See *Harris v. State*, 642 S.W.2d 471, 476 (Tex.Crim.App.1982); *Jackson v. State*, 482 S.W.2d 864, 867 (Tex.Crim.App.1972).

█ The defendant should be given great latitude in showing any fact, including pending charges, which tend to establish ill feelings, bias, motive or animus on the part of any witness testifying against him. *Green v. State*, 676 S.W.2d 359, 362 (Tex.Crim.App.1984); *Castro v. State*, 562 S.W.2d 252, 256 (Tex.Crim.App.1978) (en banc). This latitude is qualified, however, by the established rule that the trial court has considerable discretion as to how and

when bias may be proven and as to what collateral evidence is material for that purpose. *Green v. State*, 676 S.W.2d 359, 363 (Tex.Crim.App.1984); *Hodge v. State*, 631 S.W.2d 754, 758 (Tex.Crim.App.1982); *Cloud v. State*, 561 S.W.2d 801, 802 (Tex.Crim.App.1978). Accordingly, the issue presented is whether the trial court abused its discretion in excluding the evidence tendered by appellant to show Melton's potential bias and motive for testifying favorably to the State.

The State cites *Carmona v. State*, 698 S.W.2d 100 (Tex.Crim.App.1985), and *Green v. State*, 676 S.W.2d 359 (Tex.Crim.App.1984), for the proposition that the trial court did not abuse its discretion because the evidence introduced was sufficient to show Melton's bias and motive for testifying against appellant. We disagree and point to the following distinguishing factors between this case and those relied on by the State. In *Carmona*, the trial court prevented the defendant from impeaching the State's witness with a pending burglary charge which was dismissed after the witness testified. *Carmona*, 698 S.W.2d at 102. The court of criminal appeals rejected the defendant's claim that the trial court abused its discretion in excluding the evidence, pointing out that "[t]here was no question that [the jury knew the defendant] had in fact been offered and had accepted great leniency on the part of the State in exchange for his favorable testimony." *Id.* at 104. The court reasoned that where the bias and prejudice of the witness was so patently obvious no harm could have resulted to the defendant. *Id.* In the present case, it was not "patently obvious" to the jury that Melton may have given her testimony in exchange for the withdrawal of the motion to revoke her probation. In fact, the jury knew nothing of the 1985 motion to revoke her probation and the later withdrawal of that motion after she came forward with the story favoring the State's case.

In *Green*, the trial court prevented the defendant from impeaching the State's witness about a pending misdemeanor charge. Unlike the present case, the witness was not material to the State's case and had no

personal knowledge of the alleged offense. *Green,* 676 S.W.2d at 363. In the present case, the witness was both material to the State's case, and had personal knowledge of the alleged offense. Therefore, *Green* is not dispositive of the issue presented in this case.

The accuracy and veracity of Melton's testimony were key elements in the State's case against appellant. Appellant impeached Melton's testimony by showing that she had a prior criminal history, lied to the police, and may have had ill feelings toward appellant for being fired. However, it cannot be said that this evidence alone illustrated to the jury the true circumstances surrounding Melton's testimony. By admitting the excluded evidence in this case, the jury could have drawn the inference that Melton's vulnerable status as a probationer rendered her an unreliable witness because of the potential fear and undue pressure growing out of the possibility of future detention. *See Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *Harris v. State,* 642 S.W.2d 471 (Tex.Crim. App.1982); *Castro v. State,* 562 S.W.2d 252 (Tex.Crim.App.1978). As the court of criminal appeals has recognized, this threat of future prosecution is not illusive where the charge or motion to revoke has been dismissed in light of the ever present possibility that they could be refiled. *Simmons v. State,* 548 S.W.2d 386, 388 (Tex.Crim.App. 1977). Therefore, we hold that the trial court's ruling frustrated appellant's right to effective cross-examination, and amounted to an abuse of discretion which resulted in a "constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." *Davis,* 415 U.S. at 318, 94 S.Ct. at 1111.

In view of our disposition of appellant's second point of error, it is unnecessary for us to consider his remaining points.

The judgment is reversed and the cause remanded for a new trial.