**Eric E. MONTOYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–99–0447–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 21, 2000.

Chappell Lanehart & Wheeler PC (Daniel R. Wheeler), Lubbock, for appellant.

William Sowder, Crim. Dist. Atty., (Wade Jackson, Asst. Crim. Dist. Atty.), Lubbock, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

REAVIS, Justice.

After his plea of not guilty, appellant Eric E. Montoya was convicted by a jury of delivery of a controlled substance in a drug-free zone and punishment was assessed at 10 years confinement. Presenting a sole issue, appellant contends the trial court abused its discretion and committed reversible error by excluding evidence of an agreement between the State and witness Jeremy McDonald in violation of his federal and state right of confrontation of witnesses. Based upon the rationale expressed herein, we affirm.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, only the facts necessary to the resolution of his sole issue will be presented. Undercover police officer Antonio Bernal contacted Jeremy McDonald about purchasing cocaine. McDonald, acting as a middleman, arranged for appellant to obtain the cocaine to sell to Bernal. While wearing a wire, Bernal purchased a baggie of cocaine from appellant for $400. Both appellant and McDonald were indicted for delivery of a controlled substance in a drug-free zone.[1] In exchange for dismissal of the charge against him, McDonald agreed to act as an informant for police in three other buys not involving appellant.

By his sole issue, appellant contends the trial court abused its discretion and committed reversible error by excluding evidence during the punishment phase of an agreement between the State and Jeremy McDonald for dismissal of the charge against McDonald in exchange for his assistance in three other drug buys. Specifically, appellant frames his complaint as a violation of his right to confront witnesses as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 10 of the Texas Constitution.[2] For the following reasons, we disagree.

McDonald was not listed by the State as a witness and was not called to testify by the State. During the punishment phase of trial, appellant called McDonald as his witness. Outside the jury's presence, McDonald testified that the charges against him were dismissed in exchange for acting as an undercover operative for the police on three other drug transactions. The State objected to the proferred testimony on the basis that plea negotiations are inadmissible as a matter of law. Defense counsel responded that McDonald was the State's witness, but that the defense had been forced to call him as an adverse witness entitling appellant to question him regarding any benefit conferred by the State for his cooperation. The prosecutor informed the trial court that McDonald was not listed as a State's witness and that his testimony was not needed to prove the case against appellant. The trial court ruled as follows:

Court: With regard to the question as to the plea negotiations in this cause, the court is going to sustain the objection. I think that, counsel, you can ask him questions about if he made arrangements, but as far as what the disposition of the matter was, I don't think that's

---

1. Tex. Health & Safety Code Ann. § 481.134 (Vernon Supp.2000).

2. We note that the State contends that appellant has not preserved his State constitutional claim because no argument or authority is presented in this regard.

appropriate. In other words, I think you can ask him with regard to as a result of [sic] this situation whether or not he made additional cases for the—

[Defense counsel]: Police.

Court:—police, but as far as asking him what happened in his case or what happened to his case, I think at this point, I'm going to sustain that objection.

■ Rulings on the admissibility of evidence are within the sound discretion of the trial court and should not be disturbed on appeal absent a showing of abuse of discretion, *Rankin v. State*, 974 S.W.2d 707, 714 (Tex.Cr.App.1996); *Joiner v. State*, 825 S.W.2d 701, 708 (Tex.Cr.App. 1992), *cert. denied*, 509 U.S. 925, 113 S.Ct. 3044, 125 L.Ed.2d 729 (1993), and the ruling of a trial court ruling will be upheld if it is "within the zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Cr.App.1990) (opinion on rehearing). Relying on the right to confrontation, Rule 607 of the Texas Rules of Evidence, and article 37.07 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.2000), appellant contends the trial court abused its discretion in excluding evidence of the disposition of McDonald's case.

### Confrontation

■ The Confrontation Clause of the United States Constitution guarantees the accused an adequate opportunity to cross-examine an adverse witness. *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347, 353–54 (1974). The right of confrontation is violated when appropriate cross-examination is limited. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex.Cr.App.1996), citing *Hurd v. State*, 725 S.W.2d 249, 252 (Tex.Cr.App. 1987). The erroneous denial of the right of confrontation is "constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it." *Parker v. State*, 657 S.W.2d 137, 139 (Tex. Cr.App.1983), citing *Davis*, 415 U.S. at 318, 94 S.Ct. 1105,.

■ In support of his contention, appellant relies on *Davis*, 415 U.S. 308, 94 S.Ct. 1105, *Parker v. State*, 657 S.W.2d 137 (Tex. Cr.App.1983), *Spain v. State*, 585 S.W.2d 705 (Tex.Cr.App.1979), and *Simmons v. State*, 548 S.W.2d 386 (Tex.Cr.App.1977). However, because these cases involve the right to *cross-examine* witnesses called by the State, they are not controlling here. (Emphasis added). *See Medina v. State*, 743 S.W.2d 950, 955 (Tex.App.—Fort Worth 1988, pet. ref'd). Because McDonald, who was not a witness for the State, was called to testify by appellant, the trial court's ruling did not deny or limit appellant's right to *cross-examine* McDonald, and the right of confrontation was not implicated.

### Evidence Rule 607

■ Relying on Rule 607 of the Texas Rules of Evidence, appellant contends he was denied the opportunity to impeach McDonald. While the rule permits the *credibility* of a witness to be attacked by any party, including the party calling the witness, *Hughes v. State*, 4 S.W.3d 1, 5 (Tex.Crim.App.1999), the rule is not applicable here because evidence that the charges against McDonald were dismissed does not implicate his credibility as a witness. Moreover, although Rule 607 permits a party to impeach his own witness, a party may not call a witness primarily for the purpose of impeaching him with evidence that would otherwise be inadmissible. *See Armstead v. State*, 977 S.W.2d 791, 795–96 (Tex.App.—Fort Worth 1998, pet. ref'd), citing *Barley v. State*, 906 S.W.2d 27, 37 n. 11 (Tex.Cr.App.1995), *cert. denied*, 516 U.S. 1176, 116 S.Ct. 1271, 134 L.Ed.2d 217 (1996). Generally, the

disposition of a case against a co-defendant is inadmissible at trial against another co-defendant. *Rodriquez v. State*, 552 S.W.2d 451, 454-55 (Tex.Cr.App.1977); *see also Beasley v. State*, 838 S.W.2d 695, 703 (Tex. App.—Dallas 1992, pet. ref'd), *cert. denied*, 510 U.S. 969, 114 S.Ct. 451, 126 L.Ed.2d 384 (1993). Also, McDonald did not testify unfavorably about appellant. In fact, according to McDonald, he did not know appellant as a "big drug dealer," and he was "mainly just a person like me. I mean, just messed with drugs to get drugs for himself...." He further testified that he did not believe appellant should be sent to the penitentiary, but perhaps be sent to a rehabilitation facility. Consequently, the exclusion of the evidence did not violate appellant's right of confrontation.

## Article 37.07(3)

■ Appellant next contends that pursuant to article 37.07(3) of the Texas Code of Criminal Procedure, he should have been permitted to show during the punishment phase the dismissal of Mc-Donald's case to establish that his moral blame was no greater than that of Mc-Donald's. However, article 37.07(3) permits the introduction of evidence as to any matter the "court deems relevant to sentencing," and in the exercise of its discretion the trial court refused to admit evidence which was otherwise inadmissible. Evidence of events which arise after the offense and independently of the appellant are not receivable into evidence in mitigation of punishment. *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex.Crim.App.1979); *Goudeau v. State*, 788 S.W.2d 431, 436 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Therefore, we conclude the trial court's ruling was not outside the "zone of reasonable disagreement," and we need not address the State's contention that the court's ruling of excluding the evidence

was proper under Rule 410 of the Texas Rules of Evidence.

## Alleged Plea Offer

■ Although not presented by his issue, in his argument of the issue, appellant also contends the trial court abused its discretion by excluding evidence of an alleged preliminary plea offer made to appellant's uncle similar to that offered to McDonald. Again, we disagree. Outside the jury's presence, defense counsel requested that the trial court allow evidence of a plea offer made to appellant of "some sort of a probation if he would do three drug deals like Jeremy McDonald did." Following the State's objection, the court ruled:

> Court: With regard to the objection, I think based upon the case that was provided yesterday, this is more in line where the plea bargain to a defendant cannot be taken into—cannot be questioned or raised as a part of the defense in the cause. I'm going to sustain the objection to that, counsel.

Initially, we note that because the alleged offer was made after the offense and independent of appellant, it was not receivable into evidence as mitigation evidence. *Stiehl*, 585 S.W.2d at 718; *Goudeau*, 788 S.W.2d at 436.

■ Further, Rule 410 of the Texas Rules of Evidence prohibits the admission of plea negotiations against the defendant who made the plea, *"except as otherwise provided...."* (Emphasis added). The only exception for admissibility provided by Rule 410 is "in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it." *See Neugebauer v. State*, 974 S.W.2d 374, 376 (Tex.App.—Amarillo 1998, pet. ref'd). Accordingly, the trial court did not abuse its discretion in excluding evi-

dence of plea discussions between appellant's uncle and the State.

Because we have held that the right to confrontation was not implicated, a constitutional error harm analysis is not required. Tex.R.App. P. 44.2(a). Additionally, because we have determined that the trial court did not err in excluding evidence of plea negotiations, a harmless error analysis pursuant to Rule 44.2(b) of the Texas Rules of Appellate Procedure is also not required. Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.