PD-0175-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/18/2015 11:45:53 PM
Accepted 6/19/2015 2:33:00 PM
ABEL ACOSTA
CLERK

# NO. PD-0175-15

To The Texas Court of Criminal Appeals
Austin, Texas

JOSE GUADALUPE MARTINEZ,

*Defendant-Appellant*,

vs.

THE STATE OF TEXAS,

*Plaintiff-Appellee.*

On Appeal From The 38th Judicial District Court
Real County, Texas
Trial Court No. 2012-1132-DR; Appeal No. 04-12-00739-CR

## MOTION FOR REHEARING

FILED IN
COURT OF CRIMINAL APPEALS

June 19, 2015

ABEL ACOSTA, CLERK

NANCY B. BAROHN
1202 South Alamo Street
San Antonio, Texas 78210
(210) 226-4263
(913) 302-6708 (cell phone)
Texas Bar Number: 01796500
nbb@airmail.net

*Attorney for Mr. Jose Guadalupe*
*Martinez, Petitioner-Appellant*

**MOTION FOR REHEARING**

NOW COMES JOSE GUADALUPE MARTINEZ, by and through his undersigned attorney, and pursuant to TEX. R. APP. P. 79.2, respectfully moves this Honorable Court to rehear its denial of his *Petition For Discretionary Review*.

## I.

### Short Statement Of The Procedural History

Jose Guadalupe Martinez was charged in the 38th Judicial District Court with two counts of sexual assault of a child, and tried his case to a jury in Uvalde County, Texas, before the Honorable Camille DuBose. Mr. Martinez was convicted at trial and was sentenced to a total term of 15 years' confinement. Mr. Martinez appealed his case to the Fourth Court of Appeals which affirmed his convictions on October 29, 2014. Mr. Martinez sought discretionary review in this Court, complaining that the Fourth Court declined to address his constitutional claims, and requested a remand under TEX. R. APP. P. 47.1. This Court denied Mr. Martinez's Petition on June 3, 2015.

We seek rehearing for the reasons which follow.

1

## II.

## BASIS FOR REHEARING

**This Court Should Reconsider Its Decision To Deny Discretionary Review Because Mr. Martinez's Constitutional Complaints Are Substantial, And He Did Not Procedurally Default These Complaints Under TEX. R. APP. P. 38.9.**

### A.      Mr. Martinez's Case In The Trial Court.

At trial, Mr. Martinez repeatedly sought to cross-examine the complainant and his father, and to question complainant's counselor from Pathways–first on State evidentiary grounds, and when those objections were denied, on constitutional grounds. In objecting in the trial court, and in the bills of exception, counsel cited numerous state cases as a basis for admissibility, and cited numerous rules under the Texas Rules of Evidence. The colloquies with the trial court were lengthy, and repetitive, as the arguments were largely the same with each witness, and involved the same categories of evidence. In these effort to cross-examine or otherwise question these witnesses, counsel made multiple objections: 1) that specific evidence was admissible to correct a false impression left by the complainant and his father, as they were permitted to portray themselves in front of the jury in a false light, their testimony unchallenged in any substantial way; 2) that specific evidence was contextual; 3) that specific evidence was admissible to show the motive and bias of the complainant; 4) specific evidence that the complainant was suffering from a

mental illness both prior to, and during the time, that he was at Pathways where he was being treated for bi-polar disorder which caused him to have rages; and, 5) specific evidence as to the consequence of these rages, where complainant was frequently punished at the juvenile facility, which included being placed in physical restraints–and he did not want to be there–relevant to motive. .

Mr. Martinez did not waive any of his objections at trial under either state evidentiary rules, or on constitutional grounds.

**B.    Mr. Martinez's Appeal.**

In his brief on appeal, Mr. Martinez set out each of the questions he wished to ask the three witnesses, the basis for admissibility under the Texas rules argued in the trial court, and the court's rulings. *Appellant's Brief* at 10-22.  The trial court permitted Mr. Martinez to pursue **none** of the lines of inquiry described above, under **any** theory of law–as a matter of Texas law, or federal constitutional law. *Appellant's Brief* at 10-35. This was the basis of Mr. Martine's overarching constitutional complaints. *Appellant's Brief* 22-35.  In his brief, Mr. Martinez raised his complaints in two points of error–one seeking review under TEX. R. APP. P. 44.2(a), the other under TEX. R. APP. P. 44.2(b).  In each of these points of error, Mr. Martinez cited Texas decisions on point–factually and legally–which pertained to the specific areas of inquiry he had sought to explore, and by citation to the record.

3

In affirming Mr. Martinez's convictions, the Fourth Court of Appeals declined to reach his constitutional issues on the ground that they were procedurally defaulted. *Martinez v. State*, 2014 WL 5464157 at *9-10 (Tex.App. - San Antonio, October 29, 2014). Particularly, the Court declined to address Mr. Martinez's larger and over-arching constitutional claims because he failed to argue that any state evidentiary rule arbitrarily deprived him of the opportunity to offer otherwise relevant and reliable evidence that was vital to his defense. *Id*. at *11. Further, the Court noted that, though Mr. Martinez cited and discussed authority for "broad evidentiary propositions" that the evidence he sought to offer was admissible, he failed to explain "why **each** ruling made by the trial court was "clearly erroneous." *Id*. (emphasis added). A failure to explain how each ruling was clearly erroneous, was "a necessary prerequisite to prevail on his due process claim." *Id*.

**C.    Mr. Martinez's Brief Should Have Been Liberally Construed, And His Arguments And Authorities, Taken In Context And As A Whole, Should Not Bar Review Of His Constitutional Claims.**

Under TEX. R. APP. P. 38.9, briefs are to be liberally construed. Briefs are meant to "acquaint the court with the issues in the case and to present argument that will enable the court to decide the case". Substantial compliance is sufficient.

4

Even if inartful, Mr. Martinez's brief was sufficiently specific to acquaint the court with the issues and arguments–both as a matter of state and federal law. In the brief, Mr. Martinez specifically set out the questions he wished to ask, the basis of admissibility, and the trial court's rulings. These questions–of complainant, his father, and his counselor–were directed at the same set of facts, and fell into categorical lines of inquiry. Mr. Martinez set out numerous Texas cases involving similar facts, where similar–if not identical–arguments were made in the lower courts, in which it was determined that the trial court's decision to exclude evidence was an abuse of discretion. Indeed, Mr. Martinez made detailed and extensive arguments under the Texas rules of evidence citing, *inter alia*, *Poitier v. State*, 68 S.W.3d 657, 663-65 (Tex.Crim.App. 2002) (a constitutional violation may arise where court applies state law to exclude otherwise relevant and reliable evidence which "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense") and *Simmons v. State*, 548 S.W.2d 386, 388 (Tex.Crim.App. 1997) (constitutional violation of the first order where the defendant was deprived of the opportunity to offer **any** testimony regarding possible motives or bias). *Appellant's Brief* at 24.

Counsel did not merely cite these cases in the abstract, but argued case law as applied to the trial court's rulings. *See Appellant's Brief* at 24 ("Contrary to the

5

extreme limitations imposed by the trial court here, other courts have permitted the defense to offer evidence of bias, motive, and interest on nearly identical facts."); *Appellant's Brief* at 30 [after a lengthy discussion of various Texas cases] ("Because the trial court deprived Mr. Martinez of ***any*** cross-examination as described here, it misapplied Texas's Rules of Evidence, and deprived Mr. Martinez of his state and federal constitutional rights to present a meaningful defense through confrontation and cross-examination."); *Appellant's Brief* at 33 ("In Texas, beyond constitutional mandates, the admissibility of evidence is determined under the Texas Rules of Evidence, which sets out a number of inter-related rules [citing rules and arguing relevant decisions under the rules and applicable to the basis of Mr. Martinez's many objections]). After setting out numerous Texas cases finding that various trial courts erred by excluding similar evidence on similar facts, Mr. Martinez pointed out that:

> . . . his defense counsel believed it was necessary to make lengthy and detailed proffers setting out both the larger, and smaller, circumstances and background as a basis for cross-examination. While defense counsel made clear that it was not her intent to go into all of the instances documented and described, there were numerous areas which the defense should be permitted to explore. Though the defense provided the court with a deep bench of facts and circumstances as proper subjects of cross-examination, the jury heard **not a word of any of this**. Instead, the jury heard only the State's version of events–sanitized, and presented in a vacuum.

6

Under these facts and circumstances, the trial court's severe limitations on Mr. Martinez's right to cross-examine the State's witnesses, and to present a defense, was "outside the zone of reasonable disagreement," as its application of Texas law was unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). Though presented with evidence through testimonial bills, records, proffers, case law, and numerous legal arguments, the court afforded the defense no latitude at all in its efforts to defend Mr. Martinez fully and effectively. Here, the trial court abused its discretion to admit or exclude evidence by acting arbitrarily and unreasonably, without reference to guiding rules and principles. *Fox v. State*, *supra*, 115 S.W.3d at 558, citing *Lyles v. State*, 850 S.W.2d, 497, 502 (Tex.Crim.App. 1993). The court's severe limitations on cross-examination, and evidence it would not permit through a defense witness, was error.

*Appellant's Brief* at 37-8 (emphasis added).

Simply put, we contend that Mr. Martinez's arguments in his brief were sufficient under TEX. R. APP. P. 38.9 to apprise the Court of the issues in the case, and his arguments and authorities under Texas law were sufficient enough to support his larger argument–that the trial court erroneously applied the rules of evidence in each particular instance so as to exclude admissible evidence to such an extent that it effectively prevented Mr. Martinez from presenting his theory of the defense. Though the Fourth Court found that the cases discussed by Mr. Martinez were simply "broad propositions of law," they were actually focused on each of the categories of evidence the court excluded with each of the witnesses. In hindsight, it would have

7

been the better practice to have put these same cases under each of the particular objections and arguments described in the brief, but counsel structured it differently because the evidence the defense sought to offer, the basis for admissibility, and the court's rulings with each of the witnesses was essentially the same. As the trial court excluded these entire lines of inquiry with each witness, counsel structured the brief atypically so that it would not be needlessly repetitive. Nonetheless, when the brief is viewed as a whole, and in context, it is clear that Mr. Martinez clearly argued the law as it pertained to the specific categories of evidence the trial court excluded throughout the entire trial.

Too, we suggest, that a "ruling-by-ruling" approach as a necessary prerequisite to constitutional review under the particular facts of Mr. Martinez's case was far too restrictive. The larger problem in Mr. Martinez's case was not that the trial court clearly erred in excluding a particular question–or whether each individual ruling was "clearly erroneous"–but, rather, that the trial court excluded **all** questions pertinent to specific lines of inquiry–lines of inquiry which, Mr. Martinez argued in his brief, have been held admissible by this and other courts under similar facts, and in the face of similar objections and arguments. And, we suggest, whether the trial court's evidentiary rulings were–or were not–"clearly erroneous" on an individual basis does not reach or describe the true problem–that the trial court cut off **all** lines of inquiry

8

into motive, bias, or interest; **all** lines of inquiry to correct false impressions left by the complainant and his father; **all** lines of inquiry to put the complainant's and his father's testimony in its proper context; and **all** lines of inquiry to place the complainant in his environment at the time of the outcry. It was these rulings in their totality–not one-by-one–which created the overarching deprivation of Mr. Martinez's constitutional right to confront and cross-examine the witnesses, and his right to a trial that was fundamentally fair. This was how Mr. Martinez argued the issues in his brief and, though he might have structured the brief differently or better, the Fourth Court's finding of procedural default is far too harsh, and fails to take account of the totality of Mr. Martinez's presentation.

### D. Reasons For Rehearing.

We assume that this Court's denial of Mr. Martinez's *Petition for Discretionary Review* is based on the Fourth Court's finding that his constitutional claims would not be addressed because of a procedural default. Under the liberal briefing rules described in TEX. R. APP. P. 38.9, and in light of Mr. Martinez's brief as whole, we reurge this Court to remand this case to the Fourth Court of Appeals under TEX. R. APP. P. 47.1, to determine the merits of Mr. Martinez's constitutional arguments. Again, we point out that the limitations on cross-examination in Mr. Martinez's case are far outside the norm and, indeed, we found no case in which a

9

trial court precluded the defense from pursuing **all** avenues of cross-examination on matters as pedestrian as motive and bias, or as simple as "false impression" and "contextual" evidence. Under the particular facts here, we ask that the Fourth Court's insistence on a "ruling by ruling" analysis as a predicate to constitutional review yield to a liberal construction of Mr. Martinez's brief which was more than sufficient to apprise the Court of the issues and the applicable law.

## PRAYER

FOR ALL THESE REASONS, MR. JOSE GUADALUPE MARTINEZ respectfully prays that this Honorable Court will rehear its decision to deny discretionary review and, thereafter, remand his case to the Fourth Court of Appeals with instructions to review his constitutional arguments.

Respectfully submitted,

*s/s* NANCY B. BAROHN
NANCY B. BAROHN
1202 South Alamo Street
San Antonio, Texas 78210
(210) 226-4263
(913) 302-6708 (cell phone)
Texas Bar Number: 01796500
nbb@airmail.net

*Attorney for Mr. Jose Guadalupe Martinez,*
*Petitioner-Appellant*

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing *Petition for Rehearing* through Texas eLaw Services on:

Mr. Danny Kindred
District Attorney for the
   38th Judicial District
3102 Avenue G
Hondo, Texas 78861
danny.kindred@38thda.com

Mr. Edward Shaughnessy, III
Attorney at Law
206 East Locust Street
San Antonio, Texas 78212
shaughnessy727@gmail.com

State Prosecuting Attorney
201 West 14th Street
Austin, Texas 78701
information@spa.texas.gov

– on this the ___18th___ day of June, 2015.

*S:s*   NANCY B. BAROHN
NANCY B. BAROHN

11

## CERTIFICATE OF COMPLIANCE

1.  Mr. Jose Guadalupe Martinez's motion for rehearing complies with the length requirements set out in TEX. R. APP. P. 9.4(i)(2)(D)because:

    It contains 2,179 words exclusive of the materials specifically excepted under the rule.

2.  Mr. Martinez's motion for rehearing complies with the typeface requirements of TEX. R. APP. P. 9.4 because:

    It has been prepared in a proportionally spaced typeface using Word Perfect X5, in 14-point Times New Roman style. Footnotes are in 12-point Times New Roman style.

DATED: June 18, 2014.

*s/s* NANCY B. BAROHN

NANCY B. BAROHN

*Attorney for Mr. Jose Guadalupe Martinez*

# CERTIFICATE OF COUNSEL

Pursuant to TEX. R. APP. P. 79.2(b), counsel certifies that his motion for rehearing is made in good faith and not for purposes of delay. Mr. Martinez's constitutional claims are substantial, and we have found no other case where all lines of inquiry through traditionally accepted modes of cross-examination were precluded in their entirety at trial–and with a number of witnesses. The nature of the evidentiary exclusions in Mr. Martine's case–both substantively and repetitively–do not lend themselves to a "ruling by ruling" treatment as a predicate to constitutional review.

This motion is not made for purposes of delay. On the contrary, a determination of Mr. Martinez's constitutional claims now, on direct review, will be a far more economical use of judicial time than addressing these same issues again on collateral review as part of an ineffective assistance of counsel claim. Where there has been a procedural default through counsel's briefing, and in the face of substantial constitutional violations, she believes it will be incumbent upon her to confess her ineffectiveness on this issue should Mr. Martinez wish to seek post-conviction relief under ART. 11.07, TEX. CODE CRIM. PROC.

_s/s_   NANCY B. BAROHN
NANCY B. BAROHN

A-2