# NO. 12-16-00325-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EARL DAVIS WILLIAMS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Earl Davis Williams, Jr. appeals his convictions for two counts of aggravated assault on a public servant with a deadly weapon, one count of unlawful possession of a firearm by a felon, and one count of evading arrest or detention with a vehicle. In a single issue, Appellant contends the trial court erred by limiting his cross examination of an accomplice witness. We affirm.

## BACKGROUND

On or about March 6, 2016, Officers Todd Little and Alfredo Fajardo of the Crockett Police Department responded to a disturbance call at Snider's Trailer Park. As the officers arrived at the trailer park, they observed a vehicle leave. Little stopped the vehicle, approached the driver, Appellant, and requested his identification. Fajardo approached the passenger side and observed a shotgun in the front seat between the center console and the passenger, Kayleigh Ann Davis. When Fajardo notified Little of the shotgun, Appellant accelerated the vehicle and sped away from the officers. The officers pursued Appellant's vehicle from Crockett to Grapeland. During the pursuit, Appellant's vehicle reached a speed of one hundred thirty miles per hour. At some point during the chase, the officers realized they were receiving shotgun fire from Appellant's vehicle. Eventually, Appellant lost control of the vehicle and wrecked.

Appellant and Davis abandoned the vehicle and fled on foot, but were quickly apprehended by law enforcement.

Appellant was subsequently charged by indictment with two counts of aggravated assault on a public servant, one count of unlawful possession of a firearm by a felon, and one count of evading arrest or detention with a vehicle. Appellant pleaded "guilty" to evading arrest and "not guilty" to the other charges. At trial, Davis testified that Appellant told her to shoot at the officers and helped her load the shotgun. However, she admitted previously stating that Appellant did not tell her to shoot and had nothing to do with the shooting. On cross examination, Davis testified that she entered into a plea bargain with the State, which resulted in a term of confinement. The trial court did not permit Appellant to ask Davis the length of her confinement.

At the conclusion of trial, the jury found Appellant "guilty" of all four counts and assessed punishment at fifty-five years imprisonment for count one, fifty-five years imprisonment for count two, ten years imprisonment for count three, and seven years imprisonment for count four. This appeal followed.

## CROSS EXAMINATION OF ACCOMPLICE WITNESS

In his only issue, Appellant contends the trial court erred when it failed to permit him to make a full inquiry into Davis's plea bargain agreement with the State. Specifically, Appellant complains that the trial court did not allow him to question Davis regarding the term of confinement that she received as a result of the plea bargain.

### Standard of Review and Applicable Law

A trial court has the discretion to decide the admissibility of evidence and, absent an abuse of that discretion, its rulings will not be overturned. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). To determine whether a trial court abused its discretion, we consider "whether the [trial] court acted without reference to [the pertinent] guiding rules and principles; that is, whether the court acted arbitrarily or unreasonably." *Fox v. State,* 115 S.W.3d 550, 558 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Through the Confrontation Clause of the Sixth Amendment, an accused enjoys the right "to be confronted with the witnesses against him" by an opportunity to cross-examine the witnesses. U.S. CONST. amends. VI, XIV; *Del. v. Van Arsdall,* 475 U.S. 673, 678, 106 S. Ct.

1431, 1435, 89 L. Ed. 2d 674 (1986); *see Lopez v. State,* 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). The right to cross-examine witnesses requires that an accused be given wide latitude to explore a witness's story, test his perceptions and memory, and impeach his credibility, including any fact that would tend to establish his "'ill feeling, bias, motive, and animus'" against the accused. *Parker v. State,* 657 S.W.2d 137, 139 (Tex. Crim. App. 1983) (quoting *Simmons v. State,* 548 S.W.2d 386, 388 (Tex. Crim. App. 1977)). Rule 613(b) further recognizes the right of litigants to cross-examine witnesses on the issues of bias and prejudice. TEX. R. EVID. 613(b).

However, a trial court retains wide discretion to impose reasonable limits on cross-examination based on concerns such as harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. *Van Arsdall,* 475 U.S. at 679, 106 S. Ct. at 1435; *Lopez,* 18 S.W.3d at 222. And a defendant's right to cross-examine witnesses must be balanced against the probative value of the evidence. *Lopez,* 18 S.W.3d at 222. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Del. v. Fensterer,* 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L. Ed. 2d 15 (1985); *Walker v. State,* 300 S.W.3d 836, 844–45 (Tex. App.—Fort Worth 2009, pet. ref'd). When a defendant complains about the denial of the opportunity to cross-examine a witness generally about matters concerning the witness's credibility, to preserve error, he need not show what his cross-examination would have revealed, but only the general subject matter about which he desired to examine the witness and, if challenged, show on the record why such testimony should be admitted into evidence. *Virts v. State,* 739 S.W.2d 25, 29 (Tex. Crim. App. 1987). The erroneous denial of this right of confrontation is "constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it." *Davis v. Alaska*, 415 U.S. 308, 318, 94 S. Ct. 1105, 1111, 39 L. Ed. 2d. 347 (1974).

## Analysis

At trial, Davis testified against Appellant. She claimed that Appellant "took off" when officers told them to exit the vehicle with their hands in the air. While Appellant drove, Davis asked Appellant what he wanted her to do. Appellant told her to shoot. Davis testified that she attempted to shoot in the air. When she attempted to reload the shotgun, it jammed. Appellant reloaded the shotgun for her. Davis admitted that she previously told police that Appellant "had nothing to do with it" and "didn't tell [her] to do it to begin with" because she was trying to

3

protect Appellant from going back to prison. However, Davis claimed her trial testimony was the truth, she had no reason to lie, and she was not promised anything to change her story.

During cross examination, Appellant's counsel requested permission from the trial court to question Davis about her plea bargain with the State. The court granted counsel's request but refused to permit questioning regarding the length of Davis's sentence. Davis testified that she accepted a plea bargain offer from the State, which resulted in a conviction. She further stated that her plea bargain was final and not made in exchange for certain testimony.

On appeal, Appellant contends the trial court's refusal to permit questioning regarding the length of Davis's sentence improperly limited his cross examination of Davis, an accomplice witness. In support of his argument, Appellant relies on *Spain v. State*, 585 S.W.2d 705 (Tex. Crim. App. 1979). In *Spain*, an accomplice witness accepted a plea bargain that resulted in a probated sentence. *Id.* at 709. The trial court allowed Spain to show the jury that the witness had been found guilty but did not permit questioning regarding the punishment received. *Id.* The Court of Criminal Appeals determined that the trial court's refusal to allow Spain to show that the witness received a probated sentence, as evidence of bias or motive, was reversible error. *Id.* at 710.

Nevertheless, the cases on which *Spain* relied, as well as other cases relied upon by Appellant, are distinguishable from the present case. Specifically, those cases involved possible motives for deceit and fabrication by the witness because charges were pending or potentially pending against the State's witness. *See Evans v. State*, 519 S.W.2d 868, 873 (Tex. Crim. App. 1975) (witness was in vulnerable position because of indictment pending against him); *Simmons v. State*, 548 S.W.2d 386, 387-88 (Tex. Crim. App. 1977) (charges had been dismissed against witness but could be refiled by State); *Parker v. State*, 657 S.W.2d 137, 140 (Tex. Crim. App. 1983) (charges against witness could be refiled); *Davis*, 415 U.S. at 318, 94 S. Ct. at 1111 (refusal to allow defendant to show witness was on probation at time of testimony was reversible error). In the present case, as of the time of trial, Davis had already pleaded "guilty" and was awaiting transfer to the Texas Department of Criminal Justice. Thus, her case was complete. She was not serving a probated sentence, there were no charges pending against her, and there were no potential charges to refile against Davis. Nor does the record demonstrate that she agreed to testify against Appellant in exchange for her sentence. As a result, there is no evidence of a "quid pro quo" between the State and Davis. *See Simmons*, 548 S.W.2d at 388.

4

Even without evidence of Davis's sentence, Appellant was otherwise afforded a thorough and effective cross-examination because he was permitted to reveal Davis's plea bargain with the State and otherwise impeach her credibility. *See Carmona v. State*, 698 S.W.2d 100, 104 (Tex. Crim. App. 1985). The jury, sole judge of Davis's credibility and the weight to be given her testimony, still had the opportunity to evaluate Davis's motivation for testifying in light of her plea agreement with the State. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Accordingly, under the circumstances of this case, we conclude that the trial court did not abuse its discretion in refusing to allow Appellant to question Davis regarding the length of her sentence. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's single issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 29, 2018

NO. 12-16-00325-CR

**EARL DAVIS WILLIAMS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No.16CR-077)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*